

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**PATRICK B. THORNE,**

    Petitioner,

v.                         Civil Action No. **3:08CV801**

**GENE M. JOHNSON,**

    Respondent.

### MEMORANDUM OPINION

Petitioner, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging the revocation of his term of probation by the Circuit Court for the City of Portsmouth ("Circuit Court"). Respondent has moved to dismiss on the grounds that Petitioner's claims for habeas relief are procedurally defaulted.

### I. PROCEDURAL HISTORY

On July 11, 2005, the Circuit Court convicted Petitioner of Third Offense Petit Larceny. On September 8, 2005, the Circuit Court sentenced Petitioner to two years in prison with thirteen months suspended. Petitioner served his term of imprisonment and was released on probation

In early 2008, Petitioner was charged with violating the terms of his probation. On April 24, 2008, the Circuit Court conducted a revocation hearing. On May 2, 2008, the Circuit Court revoked the previously suspended thirteen month sentence, but resuspended one month of that sentence. Petitioner did not appeal the revocation of his previously suspended sentence.

On May 8, 2008, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In that petition, Petitioner asserted he was entitled to relief on, *inter alia*, the following grounds:

> Claim One   Petitioner was denied his right to present an affirmative defense at his revocation hearing.
>
> Claim Two   Petitioner was found guilty of violating his probation based upon inadmissible evidence.

On June 9, 2008, the Supreme Court of Virginia denied the petition on the grounds that Petitioner's claims were barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Petitioner had the opportunity to raise the claims on direct appeal from the revocation of his probation, but failed to do so.

On December 2, 2008, Petitioner filed his present 28 U.S.C. § 2254 petition with this Court. Petitioner raises the two grounds for habeas relief described above.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v.*

2

*Thompson*, 501 U.S. 722, 731–32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

The Supreme Court of Virginia concluded that Petitioner's claims were barred by *Slayton v. Parrigan* because they could have been, but were not, raised on direct appeal from the revocation of his suspended sentence. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Petitioner suggests that the rule in *Slayton* does not apply in the context of a state habeas challenge to the revocation of probation. Petitioner is incorrect. *See, e.g., Rivers v. Johnson*, No. 1:08cv00715, 2009 WL 577493, at *3 (E.D. Va. Mar. 4, 2009); *Karampour v. Watson*, No. 7:07cv00308, 2007 WL 4468684, at *2 (W.D. Va. Dec. 14, 2007). Thus, Petitioner's claims are procedurally defaulted and barred from review here. Petitioner does not demonstrate any basis for excusing his default. Accordingly, Respondent's motion to dismiss (Docket No. 6) will be GRANTED. Petitioner's claims will be DISMISSED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appropriate Order shall issue.

Date: MAY 2 1 2009
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge